**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KESSYA KATTURY MOREIRA, a.k.a. Kasia Moreira, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-72437 <br><br> Agency No. A098-764-889 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2012[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

Kessya Kattury Moreira, a native and citizen of Brazil, petitions pro se for

review of an order of the Board of Immigration Appeals ("BIA") denying her

motion to reopen based on claims of changed country conditions and ineffective

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

assistance of counsel. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen. *Siong v. INS*, 376 F.3d 1030, 1037 (9th Cir. 2004). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion by denying the portion of Moreira's motion to reopen requesting remand to the immigration judge, because Moreira filed the motion over two and one-half years after issuance of the final order of removal, *see* 8 U.S.C. § 1229a(c)(7)(C)(i), and her motion asserted only changes in personal circumstances occurring outside of Brazil that do not warrant an exception to the filing deadline, *see id.* § 1229a(c)(7)(C)(ii); *He v. Gonzales*, 501 F.3d 1128, 1132 (9th Cir. 2007) (recognizing that a change in personal circumstances does not amount to a change in country conditions).

We dismiss as moot Moreira's challenge to the denial of the portion of her motion to reopen requesting reissuance of the BIA's prior order to allow her to timely seek judicial review, because the petition for review in No. 08-73868 has been reinstated as to her. *See Hemp Indus. Ass'n v. Drug Enforcement Admin.*, 333 F.3d 1082, 1085 n.3 (9th Cir. 2003) ("We find a case moot when interim relief . . . ha[s] completely and irrevocably eradicated the effects of the alleged

violation." (citation and internal quotation marks omitted)).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**